# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

*FILED JUL 10 P 3:30 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT*

---

UNITED STATES OF AMERICA,

v.

KENNETH A. THOLIN, and
ENRIQUE QUILES, Sr.,

DEFENDANT(S).

E-filing

**CR 12 0544 EMC**

---

# INDICTMENT

VIOLATIONS:
Title 18, United States Code, § 371 - Conspiracy to Embezzle from an Employee Benefit Plan; Title 18, United States Code, § 664 - Theft or Embezzlement From Employee Benefit Plan; Title 18 United States Code § 1027 - False Statements in re: Documents Required by ERISA

---

A true bill.

_____ Foreman

Filed in open court this _____ day of _____

**ISSUE SUMMONS**

_____ 7-10-12 Clerk

Bail, $ _____

CR12-544 EMC

AO 257 (Rev. 6/78)
# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location:** NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED:**
18 U.S.C. § 371, Conspiracy to Embezzle from an Employee Benefit Plan; 18 U.S.C. § 664, Theft or Embezzlement from Employee Benefit Plan

☐ Petty  ☐ Minor  ☐ Misdemeanor  ☑ Felony

**PENALTY:**
18 U.S.C. § 371 - Maximum sentence of 5 years
18 U.S.C. § 664 - Maximum sentence of 5 years; fine for each violation

**DEFENDANT - U.S.:** Kenneth A. Tholin

**DISTRICT COURT NUMBER:** CR 12 0544 EMC

FILED 2012 JUL 10 P 3:31 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any): Special Agent Julianne Krauss, DOL

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense
  SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
  MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: Melinda Haag
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): Katherine B. Dowling

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes  ☐ No   If "Yes" give date filed _____ Month/Day/Year

**DATE OF ARREST** ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☑ Arraignment  ☑ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

**BY:** ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 371, Conspiracy to Embezzle from an Employee Benefit Plan; 18 U.S.C. § 664, Theft or Embezzlement from Employee Benefit Plan; 18 U.S.C. 1027, False Statements in re: Documents Required by ERISA

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:** Please see attached document.

E-filing

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**
► Enrique Quiles, Sr.

**DISTRICT COURT NUMBER**
CR 12 0544 EMC

FILED 2012 JUL 10 P 3:31

**PROCEEDING**
Name of Complaintant Agency, or Person (&Title, if any)
Special Agent Julianne Krauss
DOL

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

**Name and Office of Person Furnishing Information on THIS FORM** Melinda Haag
☑ U.S. Att'y ☐ Other U.S. Agency

**Name of Asst. U.S. Att'y (if assigned)** Katherine B. Dowling

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ►
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ► Month/Day/Year
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ► Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☑ SUMMONS ☐ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☑ Arraignment ☑ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

**Enrique Quiles, Sr.**

**Charges and penalties:**

    18 U.S.C. § 371 (Conspiracy to Embezzle from an Employee Benefit Plan);
- Maximum sentence of 5 years.

    18 U.S.C. § 664 (Theft or Embezzlement from Employee Benefit Plan);
- Maximum sentence of 5 years; fine for each violation.

    18 U.S.C. § 1027 (False Statements in re: Documents Required by ERISA).
- Maximum sentence of 5 years; fine for each violation.

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
2012 JUL 10 P 3:31
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) No. CR 12 0544 EMC |
|---|---|
| Plaintiff, | ) VIOLATIONS: 18 U.S.C. § 371 - |
| v. | ) Conspiracy to Embezzle from an Employee Benefit Plan; 18 U.S.C. § 664 - Theft or Embezzlement From Employee Benefit |
| KENNETH A. THOLIN, and ENRIQUE QUILES, Sr., | ) Plan; 18 U.S.C. § 1027 - False Statements Regarding Documents Required by ERISA; 18 U.S.C. § 2 - Aiding and Abetting |
| Defendants. | ) SAN FRANCISCO VENUE |

### INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

#### Introductory Allegations

1. Kenneth A. Tholin ("THOLIN") and Enrique Quiles, Sr. ("QUILES") (together, the "Defendants") were the general partners of Geo Grout, Inc. ("Company") and the Trustees of both of the Company's employee benefit plans: the Geo Grout, Inc., Profit Sharing Plan ("Profit Sharing Plan") and the Geo Grout, Inc., Money Purchase Plan ("Money Purchase Plan"). The Company, located at 263 South Maple Ave., South San Francisco, CA 94080, performed soil grouting projects throughout the Western United States.

2. The Profit Sharing Plan and the Money Purchase Plan (collectively, the "Plans")

INDICTMENT

1  were employee pension benefit plans established and maintained by a private sector employer,
2  the Company, and subject to Title I of the Employee Retirement Income Security Act of 1974
3  ("ERISA") to provide retirement income to its employees, as defined under Section 3 of ERISA.

4      3.      The assets of the Plans were held in a common collective trust ("Trust"). The
5  Trust accounts were maintained in a Fidelity Investment Brokerage Account ("Fidelity
6  Account"), a checking account at First National Bank of Northern California ("First National
7  Account"), and in an annuity policy at The Lafayette Life Insurance Company ("Lafayette
8  Policy"). As trustees of the Plans, THOLIN and QUILES were responsible for holding in trust
9  and investing the assets of the Plans for the benefit of the participants. Both THOLIN and
10 QUILES had signature authority over the Trust accounts.

11     4.      ERISA Section 406(a)(1)(B) prohibits a fiduciary from causing a transaction to
12 occur that would constitute a direct or indirect lending of money or other extension of credit
13 between the Plans and a party in interest. A "party in interest" is defined by ERISA Section
14 3(14) to include any fiduciary (administrator, officer, trustee, or custodian), employer, or owner
15 of an employee benefit plan.

16     5.      Under ERISA Section 103(a), administrators of pension plans are required to file
17 an Annual Report Form 5500 with the U.S. Department of Labor, which is available for review
18 by the government, participants, and other parties interested in the financial condition and other
19 aspects of an employee benefit plan.

20 COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Embezzle from an Employee Benefit Plan)

21     6.      The factual allegations in Paragraphs One through Five of this Indictment are re-
22 alleged and incorporated as if set forth fully here.

23     7.      Beginning no later than on or about March 25, 2009, and continuing through on or
24 about April 25, 2011, in the Northern District of California, the defendants,

25                             KENNETH A. THOLIN and
26                             ENRIQUE QUILES, Sr.,

27 did knowingly and unlawfully combine, conspire, confederate, and agree with one another, and
28 with others known and unknown to the Grand Jury, to commit an offense against the United

INDITCMENT                                     2

1  States, that is, to embezzle, steal, and unlawfully and willfully convert to their own use and the
2  use of another, approximately $1,772,500 in moneys, funds, securities, premiums, credits,
3  property and other assets belonging to the Profit Sharing Plan and Money Purchase Plan, both of
4  which were employee pension benefit plans subject to Title I of ERISA, by using their check
5  writing authority over the Trust accounts to transfer funds totaling $1,772,500 from the Plans for
6  purposes other than to make benefit payments or pay reasonable plan expenses, in violation of 18
7  U.S.C. § 664.

## Overt Acts

8. In furtherance of the conspiracy and to accomplish one or more of its objectives, THOLIN and QUILES committed the following overt acts, among others:

    a. On June 12, 2009, THOLIN and QUILES withdrew $183,000 from the Fidelity account;

    b. On May 14, 2009, THOLIN and QUILES withdrew $110,000 from the First National account; and

    c. On October 29, 2009, THOLIN and QUILES approved an electronic debit of $45,000 from the Lafayette Policy.

All in violation of Title 18, United States Code, Section 371.

<u>COUNTS TWO THROUGH TWENTY-EIGHT</u>: (18 U.S.C. § 664 – Theft or Embezzlement From Employee Benefit Plan, and 18 U.S.C. § 2 – Aiding and Abetting)

9. The factual allegations in Paragraphs One through Five of this Indictment are re-alleged and incorporated as if set forth fully here.

10. On or about the dates set forth in each of Counts Two through Twenty-Eight below, in the Northern District of California and elsewhere, the defendants,

    KENNETH A. THOLIN and
    ENRIQUE QUILES, Sr.,

did embezzle, steal, and unlawfully and willfully convert to their own use and the use of another, a total of approximately $1,772,500 in moneys, funds, securities, premiums, credits, property, and other assets of an employee pension benefit plan, namely, the Profit Sharing Plan and Money Purchase Plan, both of which plans were subject to Title I of ERISA, as follows:

INDICTMENT      3

| Count | Date of Transaction | Trust Account | Amount | Payable To |
|---|---|---|---|---|
| 2 | 3/25/2009 | Fidelity | $50,000 | Geo Grout, Inc. |
| 3 | 4/10/2009 | Fidelity | $60,000 | Geo Grout, Inc. |
| 4 | 4/16/2009 | Fidelity | $75,000 | Geo Grout, Inc. |
| 5 | 4/20/2009 | Fidelity | $60,000 | Geo Grout, Inc. |
| 6 | 6/12/2009 | Fidelity | $183,000 | Geo Grout, Inc. |
| 7 | 8/3/2009 | Fidelity | $12,000 | Geo Grout, Inc. |
| 8 | 8/7/2009 | Fidelity | $71,000 | Geo Grout, Inc. |
| 9 | 8/24/2009 | Fidelity | $53,000 | Geo Grout, Inc. |
| 10 | 10/1/2009 | Fidelity | $40,000 | Geo Grout, Inc. |
| 11 | 10/6/2009 | Fidelity | $160,000 | Geo Grout, Inc. |
| 12 | 10/8/2009 | Fidelity | $40,000 | Geo Grout, Inc. |
| 13 | 1/7/2010 | Fidelity | $100,000 | Geo Grout, Inc. |
| 14 | 1/8/2010 | Fidelity | $90,000 | Geo Grout, Inc. |
| 15 | 1/11/2010 | Fidelity | $20,000 | Geo Grout, Inc. |
| 16 | 1/19/2010 | Fidelity | $68,000 | Geo Grout, Inc. |
| 17 | 10/21/2010 | Fidelity | $2,500 | Tholin |
| 18 | 4/15/2011 | Fidelity | $30,000 | First National |
| 19 | 4/25/2011 | Fidelity | $20,000 | Geo Grout, Inc. |
| 20 | 5/8/2009 | First National | $60,000 | Geo Grout, Inc. |
| 21 | 5/14/2009 | First National | $110,000 | Geo Grout, Inc. |
| 22 | 5/22/2009 | First National | $35,000 | Geo Grout, Inc. |
| 23 | 6/18/2009 | First National | $72,000 | Geo Grout, Inc. |
| 24 | 6/24/2009 | First National | $64,000 | Geo Grout, Inc. |
| 25 | 7/16/2009 | First National | $112,000 | Geo Grout, Inc. |
| 26 | 7/24/2009 | First National | $110,000 | Geo Grout, Inc. |
| 27 | 7/30/2009 | First National | $30,000 | Geo Grout, Inc. |
| 28 | 10/29/2009 | Lafayette Policy | $45,000 | Geo Grout, Inc. |

Each in violation of Title 18, United States Code, Sections 664 and 2.

INDICTMENT                                             4

COUNT TWENTY NINE: (18 U.S.C. § 1027 – False Statements in ERISA Document)

11. The factual allegations in Paragraphs One through Five of this Indictment are re-alleged and incorporated as if set forth fully here.

12. On or about September 20, 2010, in the Northern District of California, in a document required by Title I of ERISA to be published and kept as part of the records of an employee pension benefit plan, the defendant,

KENNETH A. THOLIN,

did knowingly make and cause to be made material false statements and representations of fact, knowing the same to be false, and did knowingly conceal, cover up, and fail to disclose facts, the disclosure of which was required by ERISA; specifically, in the Annual Return/Report of Employee Benefit Plan for 2009, THOLIN made the following false statements and material omissions:

    a. Schedule I, Part I, Line 3f reported that $825,162 was held in "Loans (other than to participants);"

    b. Schedule I, Part I, Lines 1c, 2c, and 2k failed to disclose any net loss to the Profit Sharing Plan as a result of unreimbursed transfers of assets to the Company; and

    c. Schedule I, Part II, Line 4f compliance question "Did the plan have a loss, whether or not reimbursed by the plan's fidelity bond, that was caused by fraud or dishonesty?" was marked "No".

All in violation of Title 18, United States Code, Section 1027.

DATED: July 12, 2012

A TRUE BILL

FOREPERSON

MELINDA HAAG
United States Attorney

MIRANDA KANE
Chief, Criminal Division

Approved as to form

KATHERINE B. DOWLING
Assistant United States Attorney

INDICTMENT      5